## ALLEN v. TIMM et al.

(Circuit Court of Appeals, Seventh Circuit. August 14, 1924.)

No. 3369.

Army and navy ⬤⇒20—Desertion; induction into army not accomplished, for want of sufficient notice.

Under the Selective Service Regulations, a registrant was entitled to have the notices therein provided for sent to the address given in his registration, unless changed by him, and in the absence of posting of notice in form 1002, showing his classification, the mailing of notice to report for instructions to a place which was not his address, and which notice he never received, was not effective to induct him into the army and to make him a deserter for failing to report.

Appeal from the District Court of the United States for the Eastern District of Illinois.

Habeas corpus by Grover C. Allen against William C. Timm and the United States. From the judgment, petitioner appeals. Reversed.

A. B. Dennis, of Danville, Ill., for appellant.

Lawrence T. Allen, of Danville, Ill., for appellees.

Before EVANS and PAGE, Circuit Judges, and FITZHENRY, District Judge.

PAGE, Circuit Judge. The only question here is: Had appellant been inducted into the army?

June 5, 1917, respondent registered, giving his address as R. F. D. No. 2, Danville, Ill. Soon after he went away; so far as shown, no one knew where he was going. July 26, 1917, he wrote a postal card from Chicago to his sister at R. F. D. No. 2, Danville, Ill. August 6th he sent another card from Page, N. D., to his sister at the same address. Another card was in 1917 sent to a friend from Page, N. D. Nobody wrote him, and no one heard from him, until his return to and arrest at Danville as a deserter from the army five years later.

At some time not fixed in the record, Jesse Allen, of Pelican Rapids, Minn., visited his brother, appellant's father, at Danville, and told him that appellant had visited him at Pelican Rapids for a few days soon after he left Danville. Appellant, when he left Pelican Rapids, did not tell his uncle where he was going. In December, 1917, a questionnaire was mailed to appellant at R. F. D. No. 2, and was received by his father, who took it to the Local Board at Danville and told them that his son's address was Page, N. D. Later, after his brother came to Danville, appellant's father told the mail man where Jesse Allen lived, and that appellant "had been there; he had passed through there." The father was much mixed about his dates, but that does not affect the record as to what he told as to his son's whereabouts.

May 28, 1918, notice was sent to appellant at Pelican Rapids, Minn., by the Adjutant General, to report for instructions not later than June 8, 1918. It stated: "Unless * * * orders rescinding the present order are issued, then from and after the date just specified you shall be in the military service of the United States." That notice was not received by, and no other notice was sent, to appellant. The Selective Service Regulations under which the United States was listing, examining, and inducting men into the National Army made provision for notices to cover each step in the course from civilian to soldier.

It was appellant's duty, on registering, to give home address, which he did. Before he went away he went to the Local Board and asked when he would be called, so he was not ignorant of the fact that a further duty awaited him. Section 6, Selective Service Regulations, provides that they have the force of law and "all registrants * * * are charged with the provisions hereof." Section 7 provides that the process of examination and selection of registrants "shall begin by the posting of notice in the offices of the Local or District Boards * * * and by mailing a questionnaire to every registrant * * * as provided in section 92. And notice of every subsequent action taken by either the Local or District Board in respect of each registrant shall be given by entering a minute or date of such action on the classification list in the office of the Local Board, and in addition to such entries by mailing to the registrant * * * a notice of such action."

It is not disputed that, as required by section 92, a questionnaire was properly sent to the last known address of appellant, viz. the address given in his registration card. The questionnaire (sections 268 and 269), immediately following the address, contained the following notice to registrants: "You are required by law to return this questionnaire filled out in accordance with instructions contained herein within seven days from date of this notice. Failure to do so is a misdemeanor punishable by fine or imprisonment for one year and may result in the loss of valuable rights and in immediate induction into military service." That notice was to perform a duty required by section 96, and was a warning of the penalty provided in sections 6 and 7f.

Section 93 provides: "The posting, at the time of the mailing of a questionnaire, of the notice by a Local Board prescribed in section 92 shall constitute full notice to all concerned that the process of examination and selection has begun in respect of any registrant whose order number is included in such notice."

Section 7d provides: "Either the mailing of such notice or the entry of such date in the classification list shall constitute the giving of notice to the registrant and to all concerned, and shall charge the registrant and all concerned with notice of the day upon which such duty is to be performed or

the beginning of the running of the time within which such duty must be performed or such right or privilege may be claimed, regardless of whether or not a mailed notice or questionnaire is actually received by the registrant or other person."

Action was taken that caused the Adjutant General to send the notice provided for in section 133, the last paragraph of which provides, viz.: "If the order into military service is not stayed or rescinded by the Adjutant General by a subsequent order in writing prior to the arrival of the day and hour so specified, then from and after the day and hour so specified such person shall be in the military service of the United States, and after the arrival of such day and hour the Adjutant General of the state has no power to stay or rescind such order."

The complaint is that the notice failed of its purpose for the reason, first, that it was not sent to the proper address; second, that it was not received. The registration and induction of millions into the army, was a vast undertaking. It is a matter of common knowledge, and necessarily so under the circumstances, that even the least informed could not have been ignorant of what was required of them. The Selective Service Draft reached every section of the United States, and everywhere he went appellant must have had constant reminder that he was evading his duty to his country; so he could not plead ignorance, and does not attempt to do so.

The Regulations were necessarily very general, but seem to cover all conditions and afford protection against every thing, except intentional and willful misconduct. Section 7g provides: "All registrants and other persons are required, and strictly enjoined to examine, from time to time, said notice, form 1002, so posted by the Local Board, and the classification list upon which said dates are to be entered, in order to be informed of the time for the performance of any duty or the exercise of any right or privilege; and it is the duty of every registrant concerning whom any notice is posted, but who for some reason has not received the questionnaire or notice, as the case may be, to apply to his Local Board for a copy thereof. Failure to receive notice or questionnaire will not excuse the registrant from performing any duty within the time limit, nor shall it be in itself ground for extension of time."

Form 1002 is section 272, and is a very comprehensive notice. There is no evidence that form 1002 was posted. We are of opinion that 7g means that in order that the registrant should be bound, all that was necessary was that form 1002 must be posted, that his name must appear on the classification list, and that the notice must be sent as directed.

Pelican Rapids was not appellant's "last known address." He never received mail there, nor sent mail from there. His father did not tell the mail man that that was appellant's address; on the contrary, he said the address was Page, N. D. There was no justification for ignoring the address given in the registration card. Appellant gave that as his address and was entitled to have notice sent there until changed by him.

Respondent's answer relied, and the government here relies, solely upon the sufficiency of the notice sent to Pelican Rapids. It did not satisfy the requirements of the Selective Service Regulations. All notices should have been sent to the address given, and they would have been effective, whether received or not. We are of opinion that the evidence is insufficient to show that appellant was ever inducted into the military service.

The order of the District Court is reversed.